SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7241
    Facsimile:   (415) 436-6748
    Email:      owen.martikan@usdoj.gov

Attorneys for Federal Defendant
Gerald McLaughlin, M.D., and the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARCLAY KENYON and LISA KENYON, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA, U.C.S.F. MEDICAL CENTER, DEBORAH KAMALI, M.D., SIERRA WASHINGTON, M.D., GERALD MCLAUGHLIN, M.D., and DOES ONE through FIFTY, <br><br> Defendants. | Case No. C 07-2520 EMC <br> **E-FILING CASE** <br><br><br> **DEFENDANT GERALD MCLAUGHLIN AND THE UNITED STATES OF AMERICA'S MOTION TO DISMISS** <br><br> Date: Wednesday, June 20, 2007 <br> Time: 10:30am <br> Ctrm: C, 15th Floor |

PLEASE TAKE NOTICE that on Wednesday, June 20, 2007, at 10:30a.m., in the Courtroom of the Honorable Edward M. Chen, United States Magistrate Judge, Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, the United States of America, represented by the United States Attorney for the Northern District of California, through Owen P. Martikan, Assistant United States Attorney, will move the Court to dismiss defendant Gerald McLaughlin, M.D. from this case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The motion will be based on this motion, the evidence submitted therewith, and such other matters as may be presented to or considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a tort case alleging negligence in the delivery of plaintiffs' son, resulting in their son's death.  The Court should dismiss the claims against defendant Gerald McLaughlin, M.D. , because he was acting in the scope of his federal employment at the time of the alleged negligence and plaintiffs have failed to comply with the administrative requirements of the Federal Tort Claims Act, 28 U.S.C. § 2679 *et seq*., which deprives this Court of subject matter jurisdiction.

## STATEMENT OF FACTS

Plaintiffs Barclay and Lisa Kenyon are the parents of Gabriel Kenyon, who died at some point during delivery at U.C.S.F. Medical Center on March 5 or 6, 2006.  Complaint at ¶¶ 8 & 11.  Defendant Gerald McLaughlin, M.D., and others took part in the delivery.  *Id*. at ¶15.

McLaughlin is an Air Force doctor who was acting within the scope of his federal employment at the times relevant to plaintiffs' complaint.  *See* Certification Pursuant to 28 U.S.C. § 2679(d).

The Kenyons have not filed a tort claim with the United States Air Force relating to their allegations of negligence in the death of their son.  Kirschbaum Decl. at 3.

## ARGUMENT

**I.    THE STANDARD ON A MOTION TO DISMISS.**

The Court must dismiss a claim over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *Hooker v. U.S. Dep't of Health and Human Servs.*, 858 F.2d 525, 530 (9th Cir. 1988); *see also  Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989) (the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction).

In considering a Rule 12(b)(1) motion, the Court applies standards particular to the nature of the jurisdictional challenge.  If the challenge is a facial attack -- one contesting jurisdiction solely on the allegations of the complaint -- the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  *See Thornhill Pub. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730,

733 (9th Cir. 1979). If the motion is made as a "speaking motion" attacking the existence of subject matter jurisdiction "in fact," the jurisdictional issue is separable from the merits of the case; the court may then consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. *Thornhill*, 594 F.2d at 733 (citing *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947)); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (jurisdictional attacks under Rule 12(b)(1) can be either facial or factual). The Court need not assume the truth of the allegations in the complaint in deciding a Rule 12(b)(1) motion. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.1 (9th Cir. 2006) ("unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint-it may consider facts and need not assume the truthfulness of the complaint"); *Thornhill*, 594 F.2d at 733 (citation omitted).

Where a jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction under Rule 12(b)(1). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In such a situation, the court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (quotations omitted). Here, the issues of whether Stevenson may establish jurisdiction under 28 U.S.C. §§ 1331, 1361, 2201, 2202, 5 U.S.C. § 704 or 42 U.S.C. § 405(g) are separable from the merits of her claim.

## II. MCLAUGHLIN HAS FAILED TO EXHAUST JURISDICTIONAL REMEDIES.

The United States and its agencies enjoy sovereign immunity from civil liability except to the extent that the United States has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A plaintiff must plead a basis for waiver of sovereign immunity. *See* Fed. R. Civ. P. 8(a) (stating that a pleading "shall" contain a statement of the basis for the Court's jurisdiction). A lawsuit for money damages against the United States based on torts by United States employees while acting within the scope of their employment must be brought under the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-80. This law requires plaintiffs to file tort claims before the relevant federal agency before bringing a lawsuit, and to wait before suing until a federal agency denies the claim, or until the claim is deemed denied by the passage of six

DEF. MCLAUGHLIN'S MOTION TO DISMISS
C 07-2520 EMC                                            3

1  months.  28 U.S.C. §2675(a).  The tort claim requirement is jurisdictional and cannot be waived.
2  *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).
3        The Kenyons have not complied with the tort claims requirements of the Federal Tort
4  Claims Act because they have failed to file a tort claim.  Toole Decl. at ¶4.  Also, they have not
5  sued the United States, which is the only proper defendant in a Federal Tort Claims Act case.
6  *Aviles-Diaz v. United States*, 194 F. Supp. 2d 85, 86 (D. P.R. 2002).
7        Dismissal without prejudice is mandatory in this case; the Court should not stay the
8  litigation or otherwise delay the proceedings so that plaintiffs may pursue the administrative
9  claims process.  *See Jerves*, 966 F.2d at 519.

## CONCLUSION

The Court should dismiss defendant McLaughlin without prejudice because the Kenyons have failed to pursue administrative remedies under the Federal Tort Claims Act.

                                                  Respectfully submitted,

                                                  SCOTT N. SCHOOLS
                                                  United States Attorney

                                                  /s/

Dated: May 16, 2007                                     _____
                                                  OWEN P. MARTIKAN
                                                  Assistant United States Attorney