SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7241
    Facsimile:    (415) 436-6748
    Email:        owen.martikan@usdoj.gov

Attorneys for Federal Defendant
Gerald McLaughlin, M.D., and the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARCLAY KENYON and LISA KENYON, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA, U.C.S.F. MEDICAL CENTER, DEBORAH KAMALI, M.D., SIERRA WASHINGTON, M.D., GERALD MCLAUGHLIN, M.D., and DOES ONE through FIFTY, <br><br> Defendants. | Case No. C 07-2520 EMC <br> **E-FILING CASE** <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT GERALD MCLAUGHLIN AND THE UNITED STATES OF AMERICA'S MOTION TO DISMISS** <br><br> Date: Wednesday, June 20, 2007 <br> Time: 10:30am <br> Ctrm: C, 15th Floor |

This case comes before the Court on defendant Gerald McLaughlin's Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the reasons stated below, the Court GRANTS defendant's motion.

**STATEMENT OF FACTS**

Plaintiffs Barclay and Lisa Kenyon are the parents of Gabriel Kenyon, who died at some point during delivery at U.C.S.F. Medical Center on March 5 or 6, 2006. Complaint at ¶¶ 8 & 11. Defendant Gerald McLaughlin, M.D., and others took part in the delivery. *Id*. at ¶15. The Kenyons allege that negligence on the part of McLaughlin and other medical personnel who took

part in the delivery caused their son's death.

McLaughlin is an Air Force doctor who was acting within the scope of his federal employment at the times relevant to plaintiffs' complaint. *See* Certification Pursuant to 28 U.S.C. § 2679(d).

The Kenyons have not filed a tort claim with the United States Air Force relating to their allegations of negligence in the death of their son. Kirschbaum Decl. at 3.

## DISCUSSION

### I. THE STANDARD ON A MOTION TO DISMISS.

The Court must dismiss a claim over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Hooker v. U.S. Dep't of Health and Human Servs.*, 858 F.2d 525, 530 (9th Cir. 1988); *see also Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989) (the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction).

In considering a Rule 12(b)(1) motion, the Court applies standards particular to the nature of the jurisdictional challenge. If the challenge is a facial attack -- one contesting jurisdiction solely on the allegations of the complaint -- the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Thornhill Pub. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). If the motion is made as a "speaking motion" attacking the existence of subject matter jurisdiction "in fact," the jurisdictional issue is separable from the merits of the case; the court may then consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. *Thornhill*, 594 F.2d at 733 (citing *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947)); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (jurisdictional attacks under Rule 12(b)(1) can be either facial or factual). The Court need not assume the truth of the allegations in the complaint in deciding a Rule 12(b)(1) motion. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.1 (9th Cir. 2006) ("unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint-it may consider facts and need not assume the truthfulness of the complaint"); *Thornhill*, 594 F.2d at 733 (citation omitted).

1   Where a jurisdictional issue is separable from the merits of a case, the court may
2   determine jurisdiction under Rule 12(b)(1). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th
3   Cir. 1987). In such a situation, the court is "free to hear evidence regarding jurisdiction and to
4   rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United*
5   *States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (quotations omitted). Here, the issues of whether
6   Stevenson may establish jurisdiction under 28 U.S.C. §§ 1331, 1361, 2201, 2202, 5 U.S.C. § 704
7   or 42 U.S.C. § 405(g) are separable from the merits of her claim.

## II.   MCLAUGHLIN HAS FAILED TO EXHAUST JURISDICTIONAL REMEDIES.

9   The United States and its agencies enjoy sovereign immunity from civil liability except
10  to the extent that the United States has consented to be sued. *United States v. Mitchell*, 445 U.S.
11  535, 538 (1980). A plaintiff must plead a basis for waiver of sovereign immunity. *See* Fed. R.
12  Civ. P. 8(a) (stating that a pleading "shall" contain a statement of the basis for the Court's
13  jurisdiction). A lawsuit for money damages against the United States based on torts by United
14  States employees while acting within the scope of their employment must be brought under the
15  Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-80. This law requires plaintiffs to file tort
16  claims before the relevant federal agency before bringing a lawsuit, and to wait before suing
17  until a federal agency denies the claim, or until the claim is deemed denied by the passage of six
18  months. 28 U.S.C. §2675(a). The tort claim requirement is jurisdictional and cannot be waived.
19  *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

20  The Kenyons have not complied with the tort claims requirements of the Federal Tort
21  Claims Act because they have failed to file a tort claim. Toole Decl. at ¶4. Also, they have not
22  sued the United States, which is the only proper defendant in a Federal Tort Claims Act case.
23  *Aviles-Diaz v. United States*, 194 F. Supp. 2d 85, 86 (D. P.R. 2002).

24  Dismissal without prejudice is mandatory in this case; the Court should not stay the
25  litigation or otherwise delay the proceedings so that plaintiffs may pursue the administrative
26  claims process. *See Jerves*, 966 F.2d at 519.

**CONCLUSION**

The Court lacks subject matter jurisdiction over the Kenyons' claims against Dr. Gerald McLaughlin, because they have not filed an administrative claim as required by the Federal Tort Claims Act. Therefore, the Kenyons' claims against McLaughlin shall be dismissed without prejudice.

should dismiss defendant McLaughlin without prejudice because the Kenyons have failed to pursue administrative remedies under the Federal Tort Claims Act.

SO ORDERED.

DATED:

_____
HON. EDWARD M. CHEN
United States Magistrate Judge